ACKERMAN, DIR., DEPARTMENT OF HEALTH, APPELLANT, *v.* TRI-CITY GERIATRIC & HEALTH CARE, INC., ET AL., APPELLEES.

[Cite as Ackerman v. Tri-City Geriatric & Health Care, Inc. (1978), 55 Ohio St. 2d 51.]

(No. 77-827—Decided July 12, 1978.)

54

*Mr. William J. Brown,* attorney general, and *Mr. William J. McDonald,* for appellant.
*Mr. Harry W. Schmuck,* for appellees.

WILLIAM B. BROWN, J. The main issue raised by the instant cause is whether equitable principles and maxims apply in a statutory injunction action brought by the Director of Health to enjoin the operation of an unlicensed nursing home.[3]

---

[3]Appellant also contends that the principle of laches does not apply to the state of Ohio. We agree. *Lee* v. *Sturges* (1889), 46 Ohio St. 153, 176. See, also, *Besl Corp.* v. *Pub. Util. Comm.* (1976), 45 Ohio St. 2d 146, 150, which applies the same doctrine to the assertion of estoppel against a state or its agencies in the exercise of a governmental function.

The injunction sought in the instant cause is authorized pursuant to R. C. 3721.08. That statute provides, as follows:

"The director of health shall petition the court of common pleas of the county in which the home is located for an order enjoining any person * * * from operating a home as defined in section 3721.01 of the Revised Code without a license *or* from operating a home where, in the director's judgment, there is a real and present danger to the health or safety of any occupants of the home. The court shall have jurisdiction to grant such injunctive relief upon a showing that the respondent named in the petition is operating a home without a license *or* there is a real and present danger to the health or safety of any occupants of the home." (Emphasis added.)

The meaning of R. C. 3721.08 is clear. It grants a court jurisdiction to grant "such injunctive relief," that is, to enjoin the illegal or dangerous operation of a nursing home. Moreover, it grants that limited jurisdiction[4] to enjoin the operation of a nursing home *either* if that home is operated "without a license" *or* if there is "a real and present danger to the health or safety of any occupants of the home." It is not necessary, pursuant to R. C. 3721.08, to show both a danger and unlicensed operation. However, because it might be less harmful to the residents of a home to stay in an unlicensed facility which complies with all *essential* licensing requirements than to be moved when the facility's operation is enjoined, we find, for the purposes of an R. C. 3721.08 injunction, that the evidence must show, in addition to the facts that the facility is a nursing home and that the home is unlicensed, that the home is unlicensed

---

[4]Given the express jurisdictional limitations imposed by R. C. 3721.08, we find that the Court of Appeals was without authority to order that appellant issue or deny a license within ten days and that the appropriate method for appellees to challenge the constitutionality of R. C. 3721.07, as applied to the facts of the instant cause and in light of the deadlines for applications imposed by Rule 3701-17-03 of the Ohio Administrative Code, is an action in mandamus to compel the Director to issue or deny the license.

because the facility or the Director fails to comply with essential licensing requirements.[5]

The parties in the instant cause stipulated that appellee is operating a nursing home and that the home is unlicensed. In addition, the evidence in the instant cause reveals that the Tri-City home fails to comply with essential licensing requirements such as the width of hallways, the number of staff members and certain fire regulations. The statutory prerequisites for an R. C. 3721.08 injunction have, therefore, been met. Therefore, unless equitable defenses or maxims are also to be considered by a court entertaining an R. C. 3721.08 motion for an injunction, the injunction should be granted.

It is established law in Ohio that, when a statute grants a specific injunctive remedy to an individual or to the state, the party requesting the injunction "need not aver and show, as under ordinary rules in equity, that great or irreparable injury is about to be done for which he has no adequate remedy at law * * * ." *Stephan* v. *Daniels* (1875), 27 Ohio St. 527, 536. (See, also, *State* v. *Alexander Brothers, Inc.* [1974], 43 Ohio App. 2d 154; 29 Ohio Jurisprudence 2d 176, Injunctions, Section 13; and 42 American Jurisprudence 2d 776, Injunctions, Section 38, for further support of the propositions that the traditional concepts for the issuance of equity injunctions do not apply in statutory injunction actions.)

Moreover, it is the majority rule in federal courts and the law in a growing number of state jurisdictions that, where an injunction is authorized by a statute designed to provide a governmental agent with the means to enforce public policy, "no balancing of equities is necessary," *Brown* v. *Hecht Co.* (C. A. D. C. 1943), 137 F. 2d 689, 692; *State* v. *O. K. Transfer Company* (1958),

---

[5]Since the operation of a dangerous facility is already enjoinable at the request of the Director of Health pursuant to R. C. 3721.08, for a showing that a facility essentially complies with licensing regulations, the evidence must show more than that the facility is not dangerous.

215 Ore. 8, 15, 330 P. 2d 510; and "[i]t is enough if the statutory conditions are made to appear." *Ibid.*, at pages 15-16. See, also, *United States* v. *San Francisco* (1940), 310 U. S. 16, 30; *Conway* v. *State Board of Health* (1965), 252 Miss. 315, 173 So. 2d 412; *Nevada Real Estate Comm.* v. *Ressel* (1956), 72 Nev. 79, 294 P. 2d 1115; *Arizona State Board of Dental Examiners* v. *Hyder* (1977), 114 Ariz. 544, 562 P. 2d 717.

Given the fact that statutory actions granting governmental agents the right to sue for injunctive relief have a history and purpose different from equitable actions for injunctive relief, we find the rule that statutory injunctions should issue if the statutory requirements are fulfilled to be appropriate to actions under R. C. 3721.08. Unlike equitable-injunction actions which were developed in response to a rigid and often inadequate common-law system for redressing non-violent wrongs suffered by one individual at the hands of another,[6] R. C. 3721.08 was designed by the General Assembly to benefit society by proscribing behavior (the unlicensed operation of nursing homes) which the General Assembly has determined not to be in the public interest. It would, therefore, be redundant to require the Director of Health to show irreparable damage or lack of an adequate legal remedy once he has already proved that the conditions which the General Assembly has deemed worthy of injunctive relief exist. In addition, it would be inappropriate to balance the equities or require the Director of Health to do equity in an R. C. 3721.08 injunction action because R. C. 3721.08 injunctions and similar injunctions which authorize a governmental agent to sue to enjoin activities deemed harmful by the General Assembly are not designed primarily to do justice to the *parties* but to prevent harm to the general public.[7] (Allowing appellee to

---

[6] 1 Pomeroy's Equity Jurisprudence 30 (4 Ed.), Section 23.

[7] In *Brown* v. *Hecht* (C. A. D. C. 1943), 137 F. 2d 689, at page 691, the court discussed a wartime price administration statute in a manner which is applicable to the instant cause:

"Its purpose is not in any degree to punish the defendant, but solely

continue to run an unlicensed home which violates essential requirements for licensing because the Director has been slow to grant or deny appellee a license may balance the equities between the Director and appellee, but it ignores the legislative purpose behind the granting of such relief—to protect the well being of those who reside in nursing homes.)

We therefore hold that, in an R. C. 3721.08 action brought by the Director of Health to enjoin the operation of an unlicensed nursing home, the injunction should be granted if the statutory conditions exist. Since the parties have stipulated that appellee is operating a home as defined in R. C. 3721.01 and that appellee is doing so without a license, and since the home violates essential licensing requirements, the order of the Court of Appeals denying the Director's petition for an injunction is overruled. Moreover, since the Court of Appeals was without jurisdiction in an R. C. 3721.08 action to order the Director to grant or deny a license, that order is overruled as well. The judgment of the Court of Appeals is reversed, and the cause is remanded to the trial court for further proceedings in accordance with this opinion.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

---

to protect the public. It is a police regulation of great scope and importance. Innocent non-conformity with the Price Control Act is as inflationary and as damaging to competitors and the public as guilty non-conformity. * * *"