The STATE ex rel. FISHER, Appellant,

v.

ROSE CHEVROLET, INC., Appellee.

[Cite as *State ex rel. Fisher v. Rose Chevrolet, Inc.* (1994), 98 Ohio App.3d 611.]

Court of Appeals of Ohio,
Butler County.

No. CA94–02–032.

Decided Nov. 21, 1994.

*Lee Fisher*, Attorney General, and *Mary Patrick Latham*, Assistant Attorney General, for appellant.

*Thomas E. Humbach*, for appellee.

Jones, Presiding Judge.

On April 30, 1991, plaintiff-appellant, the Attorney General of Ohio, filed a complaint in the Butler County Court of Common Pleas. The complaint alleged that defendant-appellee, Rose Chevrolet, Inc., had violated the Consumer Sales Practices Act, R.C.Chapter 1345, by concealing the fact that an automobile sold by the dealership had previously been owned by a rental car company.

The case was tried to the court on October 31, 1991. At trial, Richard Nelson testified that he had purchased a 1989 Chevrolet Celebrity station wagon from appellee on September 29, 1990. Nelson testified that he spoke with salesman Ron May prior to purchasing the car. May showed Nelson the car, which had approximately 14,500 miles on it at the time of the sale. Nelson also testified that May told him the car had only been driven by the wife of the dealership's owner. Shortly after purchasing the vehicle, Nelson discovered that it had previously been owned by Budget Rent–A–Car. Nelson attempted to return the vehicle for a refund, but was unsuccessful.

At the close of appellant's case, appellee moved to dismiss the complaint pursuant to Civ.R. 41(B)(2). The trial court granted appellee's motion to dismiss in an order dated November 22, 1991. On appeal, we reversed the trial court's decision dismissing the complaint and remanded the case for further proceedings. 82 Ohio App.3d 520, 612 N.E.2d 782.

The trial court held a second hearing on November 8, 1993. At the hearing, the trial court permitted appellant to amend the complaint to include similar violations against two additional consumers. Several additional witnesses also testified.

Shelby Colgate testified that she and her husband purchased a 1991 Chevrolet Corsica from appellee in April 1991. According to Colgate, the salesman who sold the car told her that it had previously been owned by another salesman at Rose Chevrolet. Colgate also testified that she and her husband later learned that the car had been owned by National Car Rental, Inc.

Derold Hatton testified that he purchased a 1991 Chevrolet Lumina from appellee for his wife. Hatton also testified that during the negotiation of the sale

a Rose Chevrolet salesman told him that the car had only been driven by his boss's wife. Hatton later learned that the car had previously been owned by a rental car company.

The trial court found that appellee had violated R.C. 1345.02(A) by fraudulently concealing the fact that the automobiles sold by the dealership had previously been owned by rental car companies. The trial court assessed a $1,500 civil penalty against appellee pursuant to R.C. 1345.07(D). The trial court also awarded each consumer $500 in compensatory damages. The trial court denied appellant's request for a permanent injunction prohibiting appellee from engaging in any similar deceptive conduct in the future. Appellant now appeals, setting forth the following assignment of error:

"The trial court erred to the prejudice of appellant in denying injunctive relief to the state of Ohio."

Appellant contends that the trial court erred in denying the request for a permanent injunction. R.C. 1345.07(A)(2) addresses the authority of a trial court to issue a permanent injunction where there has been a violation of R.C. 1345.02 and provides in part:

"If the attorney general shows by a preponderance of the evidence that the supplier has violated or is violating section 1345.02 or 1345.03 of the Revised Code, the court may issue a temporary restraining order, preliminary injunction, or permanent injunction to restrain and prevent the act or practice."

 R.C. 1345.07(A)(2) permits but does not require a trial court to issue a permanent injunction where there has been a violation of R.C. 1345.02. *Dunn v. Bowman* (June 2, 1986), Jefferson App. No. CA84-J-19, unreported, at 3, 1986 WL 6192. A trial court's decision not to issue a permanent injunction prohibiting a defendant from violating R.C. 1345.02 must not be disturbed on appeal absent a clear abuse of discretion. *Id.* An abuse of discretion "implies not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." *State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster* (1986), 22 Ohio St.3d 191, 193, 22 OBR 275, 277, 489 N.E.2d 288, 290.

 The record indicates that the trial court assessed a $1,500 civil penalty against appellee and awarded $500 in damages to each of the three consumers. There is no evidence that these remedies were inadequate in this case. Accordingly, we find no abuse of discretion by the trial court in denying appellant's request for a permanent injunction. Appellant's sole assignment of error is overruled. The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

WALSH, J., concurs.

KOEHLER, J., dissents.

KOEHLER,, Judge, dissenting:

The trial court found that appellee, Rose Chevrolet, Inc., had violated R.C. 1345.02(A) and assessed civil monetary penalty for each of such violations. The trial court denied the state's request for injunctive relief.

While the statute does not mandate the issuance of injunctive relief in such circumstances, where the public interest is demonstrated, it would be an abuse of the trial court's discretion to fail to enjoin similar fraudulent acts in the future.

The majority denies the state's requested relief without consideration of the principle set forth in *Ackerman v. Tri–City Geriatric & Health Care, Inc.* (1978), 55 Ohio St.2d 51, 9 O.O.3d 62, 378 N.E.2d 145.

In this cause, I believe the injunction was appropriate to prevent harm to the general public and should have been granted. Accordingly, I must respectfully dissent.