Defendant-Appellant, Wayne Turner appeals the Marion County Court of Common Pleas judgment entry granting the City of Marion ("Appellee") injunctive relief and ordering him to remove a mobile home from his property. For the following reasons, we affirm the trial court's judgment.
Mr. Turner owns property located at 412 Waterloo Street in Marion, Ohio. The property is zoned residential, R-1C. On March 5, 1997, Mr. Turner filed an application for a building permit for the property. Mr. Turner provided that he was going to build a home that was a new structure with a wood frame. Kay Snyder, Zoning Inspector, issued Mr. Turner a building permit.
On April 7, 1997, Ms. Snyder, in response to a concerned citizen's complaint, visited Mr. Turner's property. She took several pictures of the construction site on her visit. The pictures show that a mobile home was on Mr. Turner's property and that some type of wood was being attached to the front of the mobile home. Ms. Snyder spoke with Mrs. Turner and told her that the mobile home was an illegal structure and that it would have to be moved. Mr. Turner was cited for a violation of a zoning ordinance and was subsequently found guilty.
Mr. Turner continued his project of constructing his present home from the mobile home he brought onto the property. Mr. Turner stated that he expended thousands of hours of labor constructing his family's home. Mr. Turner's friends and family assisted in building the home. Mr. Turner testified that he spent approximately $15,000 to $20,000, exclusive of the cost of the land ($5000), in constructing the home. Mr. Turner also testified that he turned the title of the mobile home over to the County Auditor and Title Office. Mr. Turner asserts and Appellee agrees that Mr. Turner's home is attractive as demonstrated in the pictures exhibited in Defendant's Exhibit 12.
On June 12, 1997, Appellee filed a complaint seeking injunctive relief for Mr. Turner's violation of Marion Codified Ordinance 1148.02 for having a mobile home located on his property. Appellee simultaneously filed a motion for a temporary restraining order and preliminary injunction, which were subsequently denied by the trial court. On May 29, 1998, a bench trial was held. As a result, Appellee was granted injunctive relief and Mr. Turner was ordered to remove the mobile home from his property within ninety days. The trail court stayed the judgment entry pending the outcome of the present appeal. Mr. Turner now sets forth two assignments of error.
ASSIGNMENT OF ERROR NO. I
 The trial court erred and abused its discretion in granting the Appellee's request for injunctive relief and in ordering the Appellant to dismantle his home.
Under his first assignment of error, Mr. Turner asserts that Civ.R. 65(A) applies in the case sub judice. Specifically, Mr. Turner contends that the Appellee was required to demonstrate immediate and irreparable injury prior to the trial court granting a permanent injunction to the Appellee.
We first find the language of Civ.R. 65(A) inapplicable to the case sub judice. Civ.R. 65(A) only applies to temporary restraining orders and provides in part:
 A temporary restraining order may be granted
without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting his claim that notice should not be required.
(Emphasis added.) In this case, we find that Mr. Turner's argument is flawed. The language of Civ.R. 65(A) does not apply to permanent injunction orders, but only to temporary restraining orders.
We also find that where; a statute grants an injunctive remedy, the entity that seeks the injunction need not plead or prove an irreparable injury or no adequate remedy at law.State ex rel. Pizza v. Rezcallah (1998), 84 Ohio St.3d 116,123; Ackerman v. Tri-City Geriatric and Health Care, Inc.
(1978), 55 Ohio St.2d 51. The Ohio Supreme Court found that "Ackerman clearly states that 'statutory injunction should issue if the statutory requirements are fulfilled.' " State exrel. Pizza, supra, citing Ackerman, 55 Ohio St.2d at 57.
 At issue in this case is R.C. 713.13, which provides:
 No person shall erect, construct, alter, repair, or maintain any building or structure or use any land in violation of any zoning ordinance or regulation enacted pursuant to sections 713.06 to 713.12, inclusive, of the Revised Code, or Section 3 of Article XVIII, Ohio Constitution. In the event of any such violation, or imminent threat thereof, the municipal corporation, or the owner of any contiguous or neighboring property who would be especially damaged by such violation, in addition to any other remedies provided by law, may institute a suit for injunction to prevent or terminate such violation.
The statute only requires that the municipal corporation demonstrate a violation of a zoning ordinance or regulation to institute a suit for injunction. According to the authority ofAckerman, we overrule Mr. Turner's first assignment of error.
ASSIGNMENT OF ERROR NO. II
 The trial court erred and abused its discretion in determining the structure was a mobile home and in so finding, granting the Appellee's request for injunctive relief and ordering Appellant to dismantle his home.
Under his second assignment of error, Mr. Turner first contends that the trial court abused its discretion in granting the Appellee's request for injunctive relief because the evidence established that the mobile home brought onto the property was substantially modified, that the materials constituting the mobile home were used in constructing a permanent single family dwelling, and that the appearance of the home was consistent with any single family dwelling.
We disagree. The fact that Mr. Turner made an addition to his mobile home since placing the mobile home on his lot does not provide Mr. Turner with the opportunity to leave the mobile home on his property in direct conflict with Chapter 1148 of the Marion Codified Ordnance Zoning Code. Accordingly, we reject this argument by Mr. Turner.
Second, Mr. Turner contends that the trial court abused its discretion given S.B. 142, which enacted R.C. 303.212 and 519.212. We note that the effective date of each R.C. 303.212
and 519.212 is March 30, 1999. Thus, the statutes are not yet effective and do not apply in this case. We also note that R.C.303.212 is found in Title 3 of the Revised. Code, which applies to counties, and R.C. 519.212 is located in Title 5 of the Revised Code, which applies to townships.[1] Title 7 of the Revised Code, not Title 3 or 5 of the Revised Code, applies to municipal corporations. Accordingly, Title 7 of the Revised Code is applicable in this matter as the City of Marion is a municipal corporation organized under the laws of the State of Ohio and has its principal place of business at 223 W. Center Street, Marion, Ohio, 43302. For both of the above reasons, we find that Mr. Turner's reliance on R.C. 303.212 and 519.212 is misplaced.
Third, Mr. Turner argues that due to the considerable expense he will suffer in dismantling his home, the trial court abused its discretion in granting injunctive relief to the Appellee. Although we are cognizant of the time and expense that went into building Mr. Turner's home, we find this argument lacks credibility.
Mr. Turner received a building permit on March 5, 1997. The description on the permit provided that Mr. Turner was to build a forty by seventy foot home. It was to be a new structure with a wood frame. On April 7, 1997, Zoning Inspector Kay Snyder spoke with Mrs. Turner and told her that the structure that was on Mr. Turner's lot was illegal. Then, in response to a complaint filed in the Marion Municipal Court on April 16, 1997, Mr. Turner was found guilty for violating Marion Codified Ordinance 1148.02 for having a mobile home located on his property.
Pictures taken of the lot and mobile home on April 7, 1997 show that the work on the home was at a beginning stage. Mr. Turner, however, ignored Ms. Snyder's warning that the structure was illegal. Moreover, Mr. Turner did not stop working on his home after he was found guilty for violating the zoning code. Thus, even if his home is a pleasant addition to the neighborhood, we cannot allow a person to knowingly violate a zoning code. If we were to allow Mr. Turner to ignore the zoning laws, the laws would be rendered meaningless. Accordingly, we find no merit in this argument and overrule Mr. Turner's second assignment of error.
Having overruled Mr. Turner's first and second assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] We also note that the language in R.C. 303.212 specifically speaks only to county rural zoning commissions, the boards of county commissioners, and the boards of zoning appeals. R.C.519.212 speaks only to township zoning commissions, the boards of township trustees, and the boards of zoning appeals.