OPINION
Defendants-appellants Leonard and Nina Kaden ("appellants") appeal from the trial court's issuance of a mandatory injunction ordering the removal of their tennis court which is partially located on the property owned by plaintiffs-appellees Harold A. Sheehan and Harold A. Sheehan, trustee for Info-Graphics Inc. Defined Benefit Plan ("Sheehan").
Appellants assign the following errors for review:
 I. THE TRIAL COURT ERRONEOUSLY FOUND THAT DEFENDANTS-APPELLANTS ACTED NEGLIGENTLY AND/OR INDIFFERENTLY IN CONSTRUCTING THEIR TENNIS COURT PARTIALLY ON PROPERTY OWNED BY PLAINTIFFS-APPELLEES.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN ISSUING A MANDATORY INJUNCTION AND ORDERING DEFENDANTS-APPELLANTS TO REMOVE THEIR TENNIS COURT, AS SUCH ACTION DID NOT WORK EQUITY OR AFFORD SUBSTANTIAL JUSTICE TO DEFENDANTS-APPELLANTS.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
I.
In 1986, appellants purchased approximately 8.9 acres of land on Woodstock Road in Gates Mills. The land was a portion of a 14.6 acre tract of land which had been surveyed in 1985. That survey was used to divide the parcel of land. The remaining part of the property was owned by Society Bank as trustee for Laura M. Burgess and her heirs, all non-residents of Ohio. Appellants never had any survey of their property performed but relied on the previous survey conducted by Bauer Survey Company prior to purchase. Appellant Leonard Kaden did not recall seeing any boundary stakes or flags prior to buying the land. The first time flags were observed by appellants was in 1988 when they were with their architect deciding where to situate their residence on the property. Appellants' architect asked Bauer Survey Company to flag the property shortly after appellants purchased the land to distinguish it from the surrounding area. Appellants noticed several orange flags attached to branches and saplings and stakes on the north side of the property which they assumed marked the boundary. Appellants did not know who placed the markers on the apparent northern boundary, when the markers were put there or what the flags and stakes signified.
After construction of appellants' home was completed in 1990, appellants began living in their new residence. In 1991, appellants decided to add a tennis court to the property. Appellants engaged Site Technology, Inc. for the construction of a tennis court to the north of their house. Appellants did not obtain a survey of their property prior to the construction of the tennis court. Instead, appellants told Site Technology, Inc. that the flags and stakes marked the northern boundary line. Appellant Leonard Kaden stood on the deck to the rear of the house and pointed out the area in which the tennis court was to be built. Neither appellants nor Site Technology obtained the necessary building permits from Gates Mills at any point in the construction of the tennis court. The tennis court was completed during the summer of 1991. The following year, a drainage pipe was installed three to four feet north of the tennis court.
In 1994, Society National Bank and Sheehan entered into negotiations for the purchase of the remaining 5.75 acres of the original parcel of land. Society National Bank retained Bauer Survey Company to survey the boundaries of the land. It was discovered that the drainage pipe and a portion of the tennis court encroached upon the property held by Society National Bank. Appellants were advised by Society National Bank about the encroachment. Society demanded the removal of the encroachment. Appellants did not remove the tennis court and drainage pipe.
In 1995, Sheehan purchased the property although aware of the encroachment and the demand for removal. The total area of the encroachment of the tennis court is two hundred fifty (250) square feet. The total area affected by the tennis court in addition to the setback requirements of Gates Mills is six thousand seven hundred forty and a half (6,740.5) square feet.
On May 28, 1996, Sheehan filed a complaint for ejectment and permanent injunction against appellants. Appellants answered and denied the encroachment. Appellants filed a third-party complaint against Bauer Survey Company. The case was bifurcated with the issue of the encroachment to be decided by the trial court as a matter of law and appellants' third-party complaint to proceed to a jury trial, if needed.
The trial court determined that appellants acted both negligently and indifferently in constructing the tennis court and drainage pipe on land which was not their own. This finding was based upon appellants' failure to obtain the necessary permits from Gates Mills and in their discussion of where to locate the tennis court with their contractor. In determining appellants' negligence, the trial court relied upon the stipulation of the parties that appellant Leonard Kaden informed the contractor that the flags and stakes represented the northern boundary line although he did not know who placed the markers, when the flags were put there, or for what purpose. The trial court rejected appellants' reliance on the prior knowledge of Sheehan about the encroachment before the purchase was consummated. The trial court found that a forced conveyance of the property involved would significantly harm Sheehan. In addition to the property subject to the encroachment, Sheehan might be required to convey an additional span of property forty (40) feet wide in order to comply with the setback requirements of Gates Mills. The currant location of the tennis court also could force Sheehan to obtain a variance to develop the adjoining portion of his property. The trial court issued the mandatory injunction, ordered appellants to surrender possession of the property encroached upon and prohibited appellants from further occupying any part of the Sheehan land. Appellants were ordered to remove the tennis court and drainage pipe by May 4, 1998. The trial court determined that there was no just reason for delay and certified the judgment for appeal pursuant to Civ.R. 54 (B).
II.
In their first assignment of error, appellants argue that the trial court erred in finding that they acted negligently and with indifference in constructing the tennis court. Appellants contend that the northern boundary of their property was flagged by Bauer Survey Company in 1986. Those flags were used by appellants as an accurate representation of their property line when deciding where to build the tennis court.
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80. Appellants' arguments are not supported by the record. Appellants stipulated that they did not know who put the flags or stakes on the north side of their property or what the markers signified or even when the markers were placed there. It is disingenuous for appellants now to state the flags and stakes were put there by Bauer Survey Company in 1986 when they stipulated to the contrary. The trial court's assessment of appellants' behavior as being negligent and indifferent is supported by the parties' stipulations in which appellants not only admitted they had no knowledge of the origin or purpose of the markers but that they never personally had the land surveyed and still indicated to their contractor where to build the tennis court. If appellants had complied with the requirement that they first obtain a building permit, the correct dimensions of their property would have been ascertained and the encroachment would have been avoided. The record provides ample support for the trial court's determination that appellants were both negligent and indifferent in the construction of the tennis court and drainage pipe.
Appellants' first assignment of error is without merit.
III.
Appellants' second assignment of error challenges the trial court's issuance of the mandatory injunction and order to remove their tennis court. Appellants assert that the trial court's action is inequitable because Sheehan knew about the encroachment prior to purchasing his property.
An injunction is an extraordinary equitable remedy used where there exists no adequate remedy at law and the complaining party otherwise will suffer irreparable injury. Ackerman v. Tri-CityGeriatric Health Care, Inc. (1978), 55 Ohio St.2d 51. The grant or denial of an injunction lies within the sound discretion of the trial court because the decision is particularly dependent on the specific facts and circumstances of a given case. Perkins v.Quaker City (1956), 165 Ohio St. 120. The trial court also retains broad discretion when framing the terms of the injunction.Superior Sav. Assn. v. Cleveland Council of Unemployed Workers
(1986), 27 Ohio App.3d 344, 346. When granting an injunction, the trial court must give due consideration to the rights of all the parties in interest, not just that party seeking the injunction. Provided the order is within the range of remedies permitted by law, an injunction will not be reversed absent an abuse of discretion. Garono v. State (1988), 37 Ohio St.3d 171, 173. An abuse of discretion involves more than an error of judgment, it connotes an attitude on the part of the trial court that was unreasonable, unconscionable, or arbitrary. Ritchhart v. Gleason
(1996), 109 Ohio App.3d 652, 659.
A mandatory injunction is the proper remedy to use when a structure encroaches upon neighboring land. Uber v. White (Jan. 16, 1997), Cuyahoga App. No. 70204, unreported. Accord Miller v.City of West Carrollton (1993), 91 Ohio App.3d 291. This is because the law holds a high regard for an individual's right to own property and harshly treats those who infringe upon that right.Fairman v. Vecchione (Mar. 30, 1984), Trumbull App. No. 3172, unreported. Some jurisdictions have permitted trial courts to weigh the relative conveniences and comparative injuries to the parties in granting or denying the request for injunctive relief. Factors to be considered are whether there is appreciable damage, if the decree would require a difficult and expensive act, and if enforcement would necessitate close and continuous supervision by the trial court. Miller v. West Carrollton, supra. A balancing of the equities is not required where the defendant acted willfully and the hardship likely to result from granting the injunction is of his own making. Busch v. Vosler (May 27, 1997), Preble App. No. CA96-09-014, unreported.
Appellants' argument that Sheehan should be foreclosed from the remedy of a mandatory injunction because of Sheehan's knowledge of the encroachment before he purchased the land effectively would give an encroaching landowner freedom to use neighboring land as long as there was a knowledgeable subsequent purchaser. The decision of whether or not to grant injunctive relief is very fact specific and no such blanket proposition as is advanced by appellants is applicable. Sheehan's predecessor had requested that appellants remove the tennis court and drainage pipe. Sheehan may have purchased the property with the expectation that appellants would soon comply with this request. Even so, Sheehan's decision to buy the land does not excuse appellants' actions in negligently creating an encroachment or give them free rein to continue to use adjoining property for their own purposes.
Appellants also assert that the cost of removing the tennis court outweighs the benefit to Sheehan. Although appellants repeatedly state that it would cost forty-five thousand dollars ($45,000.00) for them to remove the tennis court and drainage pipe, the actual figure to remove the encroachment and restore the land is between twenty and twenty-five thousand dollars ($20,000.00 — $25,000.00). The additional funds would be needed if appellants wanted to relocate the tennis court on their own property.
Appellants argue that the amount of land involved is small and Sheehan has no specific plans to improve the property at this point. However, when the setback requirements of Gates Mills are included, the amount of land involved increases as does the future difficulty in building upon the property.
Appellants did not make an innocent mistake but negligently built their tennis court and drainage pipe on adjoining property through their failure to properly survey the boundaries of their land and by not obtaining proper permits before construction began. Given the facts of this case, the trial court clearly did not abuse its discretion in issuing the mandatory injunction and ordering appellants to remove the encroachment.
Appellants' second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, RESIDING JUDGE.
LEO M. SPELLACY, JUDGE
KENNETH A. ROCCO, JUDGE