OPINION
{¶ 1} This is an appeal from a judgment rendered by the Court of Common Pleas Court of Mahoning County to the Seventh District Court of Appeals, which has been assigned for hearing by Judges of the Fifth District Court of Appeals pursuant to Order of the Ohio Supreme Court.
 STATEMENT OF FACTS AND CASE {¶ 2} As there is no statement of the operative facts provided by Appellee, we shall accept as accurate those provided by Appellant which also were stipulated at trial.
 {¶ 3} In February, 1986, the Board of County Commissioners for Mahoning County, Ohio, ("Commissioners") established the Mahoning County Travel and Tourism Board for the purpose of promoting tourism. Appellee is now named the Youngstown/Mahoning County Convention Visitors' Bureau ("CVB").
 {¶ 4} To fund Appellee, the Commissioners imposed a three percent lodging tax pursuant to then-existing R.C. § 5739.024.
 {¶ 5} In June, 2003, R.C. § 5739.09 was amended by adding authorization to allow redistribution of part or all of the county's lodging tax revenue to a port authority.
 {¶ 6} The Commissioners thereafter enacted resolutions which redirected a percentage of lodging tax dollars to the Western Reserve Port Authority and also established a new county-run convention and visitors' bureau with lodging taxes redirected to the county-run bureau.
 {¶ 7} Litigation as to the authority to deny Appellee receipt of such lodging tax followed resulting in an agreed settlement with dismissal of the court actions in exchange for the payment of bed tax revenue received prior to October 1, 2003, subject, however, to the trial court's determination in this matter.
 {¶ 8} There are certain funds remaining with Appellee resulting from lodging tax receipts collected prior to such date with which this action is concerned.
 {¶ 9} This declaratory judgment action sought the following:
 {¶ 10} "A. For a declaration regarding the rights of the parties in the cash and assets currently held by the CVB;
 {¶ 11} "B. For a declaration that all cash and assets held by the CVB constitute public money under which may be used only for the public purpose of promoting tourism in Mahoning County;
 {¶ 12} "C. For a declaration that any expenditure of public money by the CVB for a purpose other than promoting tourism in Mahoning County constitutes an improper use of public funds;
 {¶ 13} "D. For a declaration that all cash and assets currently held by the CVB must be paid over to Mahoning County;
 {¶ 14} "E. For a temporary restraining order, preliminary injunction, and permanent injunction prohibiting the CVB from making any further expenditures of its cash and assets until this Court makes a final determination as to the rights of the parties in such cash and assets."
 ASSIGNMENTS OF ERROR {¶ 15} "I. THE TRIAL COURT ERRED IN FINDING THAT FUNDS HELD BY THE CVB ARE NOT PUBLIC FUNDS.
 {¶ 16} "II. THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE CVB HAD NO AUTHORITY TO ACCUMULATE AND HOLD LODGING TAX REVENUES.
 {¶ 17} "III. THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE CVB HAD NO AUTHORITY TO INVEST TAX DOLLARS.
 {¶ 18} "IV. THE TRIAL COURT ERRED IN FAILING TO FIND THAT ONCE THE CVB LOST ITS DESIGNATED STATUS AS RECIPIENT OF FUTURE BED TAX DOLLARS IT LOST THE AUTHORITY TO OBLIGATE THOSE FUNDS.
 {¶ 19} "V. THE TRIAL COURT ERRED IN FAILING TO FIND THAT MAHONING COUNTY WAS ENTITLED TO RETURN OF TAX DOLLARS NOT USED FOR THE PURPOSES FOR WHICH THE TAX WAS IMPOSED AND THE EXERCISE OF THAT DISCRETION MAY NOT BE OVERTURNED BY THE COURT EXCEPT WHERE THE DETERMINATION IS MANIFESTLY ARBITRARY OR UNREASONABLE.
 {¶ 20} "VI. THE TRIAL COURT ERRED IN APPLYING THE DOCTRINES OF LACHES, ESTOPPEL, AND ABANDONMENT AS THE LEGAL BASIS FOR DENYING THE RETURN OF PUBLIC TAX DOLLARS TO MAHONING COUNTY."
 VI. {¶ 21} We will address Appellant's sixth Assignment of Error first as we find such to be dispositive in the case sub judice.
 {¶ 22} The initial matter that needs to be addressed as raised in the Sixth Assignment of Error is the following finding by the Court:
 {¶ 23} "Where the complainants protracted inaction is with knowledge of the Defendant's infringement, and the latter has acted in reliance on such inaction to an extent that he will suffer great loss should an injunction now be granted, complainant's conduct constitutes such laches or acquiescence as to be tantamount to estoppel or abandonment. In such instances, delay is a valid defense requiring a court of equity to deny injunctive relief.
 {¶ 24} "* * *
 {¶ 25} "The Court does not specifically find that the CVB improperly invested a portion of these monies. Rather, this Court simply finds that the Plaintiff's failure in taking any action having previous knowledge of the investment precludes the Plaintiff from seeking the form of relief they are seeking in this case.
 {¶ 26} "Based upon the foregoing, Plaintiff's request for injunctive relief is denied and judgment is entered in favor of the Defendant upon Plaintiff's Amended Verified Complaint for Declaratory and Injunctive Relief."
 {¶ 27} The ruling premised on laches is incorrect as such defense is not applicable to a governmental entity such as Appellant.
 {¶ 28} The Ohio Supreme Court in Ohio State Board ofPharmacy v. Frantz (1990), 51 Ohio St.3d 143 stated:
 {¶ 29} "It is well-settled that in the absence of a statute to the contrary, laches is generally no defense to a suit by the government to enforce a public right or protect a public interest. Ohio Dept. of Transp. v. Sullivan (1988),38 Ohio St.3d 137, 139, 527 N.E.2d 798, 799; Heckler, supra,467 U.S. at 67, 104 S.Ct. at 2227 (Rehnquist, J., concurring in judgment); see, also, Immigration Naturalization Service v. Miranda
(1982), 459 U.S. 14, 103 S.Ct. 281, 74 L.Ed.2d 12. The principle that laches is not imputable to the government is based upon the public policy in enforcement of the law and protection of the public interest. Lee v. Sturges (1889), 46 Ohio St. 153, 176,19 N.E. 560, 571; Ackerman v. Tri-City Geriatric Health Care,Inc. (1978), 55 Ohio St.2d 51, 54, 9 O.O.3d 62, 64,378 N.E.2d 145, 147, fn. 3. To impute laches to the government would be to erroneously impede it in the exercise of its duty to enforce the law and protect the public interest. We therefore reject the defendants' arguments."
 {¶ 30} See also, Hortman v. City of Miamisburg (2006),110 Ohio St.3d 194 as to estoppel being unavailable as to a governmental entity.
 {¶ 31} As the trial court premised its decision on an inapplicable theory of law without reaching the merits of the issues involved, we sustain the sixth Assignment of Error, find that Assignments one through five, inclusive, are not ripe for an appellate determination and reverse the judgment rendered and remand for proceedings consistent herewith.
Boggins, J. Gwin, P.J. and Farmer, J. concurs.