OPINION
{¶ 1} Defendant-appellant Edward D. Burge appeals a decision of the Miami County Court of Common Pleas which sustained a motion for summary judgment filed by plaintiff-appellee Gary A. Nasal, Miami County Prosecutor, pursuant to R.C. § 2950.031. The trial *Page 2 
court's grant of summary judgment resulted in an injunction which required Burge, a sexually oriented offender who was residing within 1,000 feet of school property as set forth in R.C. § 2950.031, to relocate to another area more than 1,000 feet from the nearest school or school facilities. Burge filed a timely notice of appeal on January 16, 2007.
 I {¶ 2} On March 13, 2000, Burge pled guilty to one count of corruption of a minor. The trial court sentenced him to ten (10) months imprisonment and classified him a sexually oriented offender.
 {¶ 3} In July, 2003, the General Assembly passed R.C. § 2950.031 which prohibited sex offenders from residing within 1,000 feet of any school or school property. In April, 2005, R.C. § 2950.031 was amended in order to allow chief legal officers of villages, townships, cities, and counties within the state to file an injunction action against any sex offender who is found to be in violation of the 1,000 foot rule.
 {¶ 4} On December 5, 2006, Nasal, in his capacity as a Miami County Prosecutor, filed an action pursuant to R.C. § 2950.031 to enjoin Burge from continuing to reside at his home at 458 Wood Street in Piqua, Ohio, because the residence was within 1,000 feet of an elementary school. The Miami County Court of Common Pleas granted the injunction on April 13, 2006, and Burge was forced to move within thirty (30) days.
 {¶ 5} Burge relocated to a residence in Troy, Ohio. However, this home was also within 1,000 feet of a school, and on May 19, 2006, Nasal filed another complaint pursuant to R.C. § 2950.031 seeking to enjoin Burge from living at the Troy residence. Before the trial court ruled on the complaint, Burge voluntarily vacated the residence and moved to an *Page 3 
apartment in Piqua, which is the property currently at issue in this appeal because the apartment is within 1,000 feet of school property, namely Werz Field and Roosevelt Fieldhouse.[1] When measured in a straight line, Burge's apartment is only 954 feet from the two school properties "as the crow flies." However, if an individual walked in a straight line from Burge's apartment to the properties, he would have to cross the Great Miami River and its levees. It is undisputed by the parties that the shortest reasonable walking distance from Burge's residence to the school property is approximately 2,775 feet.
 {¶ 6} Although the trial court initially held that the 1,000 feet set forth in the statute should be measured along the shortest reasonable walking route, it later agreed with Nasal and found that the distance should be measured in a straight line or "as the crow flies" in order to determine whether a sexually oriented offender is in compliance with the statute. Thus, the trial court sustained Nasal's motion for summary judgment, finding specifically: 1) that application of R.C. § 2950.031
to Burge did not violate Section 28, Article II of the Ohio Constitution, which forbids retroactive laws; 2) in light of our decision in State v. Cupp (April 7, 2006), Montgomery App. No. 21176 21348, 2006-Ohio-1808, that RC. § 2950.031 does not impose punishment, and therefore, does not violate the Ex Post Facto Clause of the U.S. Constitution; 3) that R.C. § 2950.031 does not require a balancing of the equities; and 4) that, pursuant to R.C. § 2950.031, the 1,000 foot distance should be measured "as the crow flies."
 {¶ 7} It is from this judgement which Burge now appeals.
 II *Page 4 {¶ 8} An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12, 467 N.E.2d 1378.
 {¶ 9} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 {¶ 10} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293, 662 N.E.2d 264. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve.Id.
 III {¶ 11} Burge's first assignment of error is as follows:
 {¶ 12} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THAT R.C. 2950.031 DOES NOT VIOLATE THE OHIO CONSTITUTIONAL PROHIBITION AGAINST RETROACTIVE LAWS."
 {¶ 13} In his first assignment, Burge contends that the trial court erred when it found *Page 5 
that R.C. § 2950.031, as applied to him, did not violate the Ohio Constitutional prohibition against retroactive laws.
 {¶ 14} "We recently decided, in Nasal v. Dover (Oct. 20, 2006), Miami App. No. 2006-CA-9, that, as applied to a person (1) convicted of a sexual offense before the effective date of the statute; and (2) who has resided within 1,000 feet of a school before the effective date of the statute, and continues to so reside, the prohibition in R.C. 2950.031(A) does violate the retroactive laws provision of Section 28, Article II of the Ohio Constitution." State v. Mutter (2007), — N.E.2d —,2007-Ohio-1052.
 {¶ 15} In Mutter, we extended our holding in Nasal v. Dover, supra, and found that R.C. § 2950.031 violated the prohibition against retroactive laws in the Ohio Constitution with respect to those sex offenders who not only owned their residences before the effective date of the statute, but also to those who rented their homes, as well. Thus, an individual sex offender who possessed a vested right in the subject property before the effective date of R.C. § 2950.031 could not be forced to relocate to an area outside of 1,000 feet from school property.
 {¶ 16} In the instant case, Burge moved into his present apartment well after the effective of R.C. § 2950.031. Clearly, under the holdings of both Nasal and Mutter, Burge does not possess a vested right in the apartment where he lived at the initiation of this cause of action. Therefore, the requirements of R.C. § 2950.031, as applied to Burge, do not violate the prohibition against retroactive laws in the Ohio Constitution.
 {¶ 17} Burge's first assignment of error is overruled.
 IV {¶ 18} Burge's second assignment of error is as follows: *Page 6 
 {¶ 19} "THE TRIAL COURT ERRED IN FINDING THE R.C. 2950.031 DOES NOT VIOLATE THE EX POST FACTO CLAUSE."
 {¶ 20} In his second assignment, Burge contends that the trial court erred when it found that R.C. § 2950.031 did not violate the Ex Post Facto Clause of the United States Constitution. As Burge correctly notes, in analyzing whether a challenged statute imposes retroactive punishment, we must first determine whether the legislature intended the law to create criminal punishment versus a civil proceeding. If the law is found to result in a criminal punishment, then it will be deemed unconstitutional and our analysis is complete. However, if the law is found to be civil in nature, then we must determine whether the substance of the law is "so punitive either in purpose or in effect as to negate the State's intention to deem it civil." Smith v. Doe (2003),538 U.S. 84, 92, 123 S.Ct. 1140.
 {¶ 21} In his brief, Burge presents arguments in support of both positions: 1) that R.C. § 2950.031 is a criminal statute that violates the Ex Post Facto Clause, and is, therefore, unconstitutional; and 2) that if R.C. § 2950.031 is found to be a "civil" statute, it is punitive in effect, and therefore, still violates the Ex Post Facto Clause. However, the trial court denied Burge a hearing, wherein he would have been able to present evidence to support his position in this regard. In its written decision, the trial court, without any explanation, held that R.C. § 2950.031 "is a civil, not criminal remedy." The court also stated that "the statute is not so punitive in nature as to negate the legislature's intent to make it a civil remedy."
 {¶ 22} Had a hearing been properly conducted, we would have been provided with a record containing the evidence we require to perform a satisfactory review that would, in turn, enable us to ascertain whether R.C. § 2950.031, as it pertains to the facts of Burge's case, *Page 7 
violates the Ex Post Facto Clause of the U.S. Constitution. The trial court's failure to provide Burge with a hearing wherein he could present evidence to support his arguments, as well as the court's own failure to specify any reasons supporting its conclusions "places significant obstacles in the way of meaningful appellate review when, as here, so many variables are potentially relevant to a trial court's consideration." State v. Francis (2004), 104 Ohio St.3d 490,820 N.E.2d 355, 2004-Ohio-6894. Without a record, we are unable at this juncture to make a proper determination as to whether R.C. § 2950.031 violates the Ex Post Facto provision of the U.S. Constitution when applied to the facts of Burge's case. Thus, we reverse and remand this cause of action back to the trial court for a hearing limited to the presentation of evidence on whether R.C. 2950.031 violates the Ex Post Facto clause of the U.S. Constitution.
 {¶ 23} Burge's second assignment of error is sustained.
 V {¶ 24} Burge's third assignment of error is as follows:
 {¶ 25} "THE TRIAL COURT ERRED IN CONCLUDING THAT IT NEED NOT ENGAGE IN A BALANCING OF THE EQUITIES UNDER R.C. 2950.031 "
 {¶ 26} In his third assignment, Burge contends that the trial court erred when it held that it was not required or permitted to engage in a balancing of the equities in order to determine whether to grant the R.C. 2950.031 injunction requested by Nasal. In support of this assertion, Burge maintains that the language in R.C. § 2950.031 creates a right only to a permissive injunction rather than a mandatory injunction, similar to the one found to be created by statute inAckerman v. Tri-City Geriatric Health Care (1978), 55 Ohio St.2d 51,378 N.E.2d 145.
 {¶ 27} In Ackerman, the Supreme Court of Ohio held that when certain statutory *Page 8 
conditions were found to exist (in regards to the licensure of nursing homes) an injunction was mandated, and the trial court was not required to engage in a balancing of the equities.
 {¶ 28} The Ackerman Court held in pertinent part:
 {¶ 29} "It is established law in Ohio that, when a statute grants a specific injunctive remedy to an individual or to the state, the party requesting the injunction `need not aver and show, as under ordinary rules in equity, that great or irreparable injury is about to be done for which he has no adequate remedy at law * * *.' Stephan v. Daniels
(1875), 27 Ohio St. 527, 536. * * * Moreover, it is the majority rule in federal courts and the law in a growing number of state jurisdictions that, where an injunction is authorized by a statute designed to provide a governmental agent with the means to enforce public policy, `no balancing of the equities is necessary.'" Ackerman, 55 Ohio St.2d at 56,378 N.E.2d 145.
 {¶ 30} The statute at issue in Ackerman was R.C. § 3721.08, which permits the Director of the Ohio Department of Health to file an application for injunctive relief and provides that a trial court "shall have jurisdiction to grant * * * injunctive relief upon a showing that [a nursing home] is operating without a license, or there is a real and present danger to the health or safety of any occupants of the home."Id. At 55. Analogous to the statute in Ackerman, R.C. § 2950.031
provides that a prosecutor, a school, or a citizen who resides within 1,000 feet of the a school "has a cause of action for injunctive relief against a registered sex offender who lives within 1,000 feet of the same school or school facility.
 {¶ 31} "It would be inappropriate to balance the equities or require the Director of Health to do equity in an R.C. 3721.08 injunction action because R.C. 3721.08 injunctions and similar injunctions which authorizea government agent to sue to enjoin activities deemed *Page 9 harmful by the General Assembly are not designed primarily to do justice to the parties but to prevent harm to the general public (emphasis added)." Ackerman, 55 Ohio St.2d at 57, 378 N.E.2d 145.
 {¶ 32} The same considerations are present in the instant case. The injunctive relief provided for in R.C. § 2950.031 is purely a statutory creation enacted by the General Assembly in an effort to benefit the general public by proscribing behavior held to be not in the public interest. R.C. § 2950.031 provides a government actor (local prosecutor) the power to apply for injunctive relief with a trial court when a registered sex offender moves into an area within 1,000 feet of a school or school premises. Any distinction made by Burge between R.C. §2950.031 and R.C. § 3721.08, as interpreted in Ackerman, is immaterial insofar as the trial court is not required to engage in a balancing of the equities.
 {¶ 33} Burge's third assignment of error is overruled.
 VI {¶ 34} Burge's fourth and final assignment of error is as follows:
 {¶ 35} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THE 1000 FEET UNDER R.C. 2950.031 SHOULD BE MEASURED AS THE CROW FLIES."
 {¶ 36} In his final assignment, Burge contends that the trial court erred when it held that the 1,000 feet requirement in R.C. § 2950.031
should be measured in a straight line from the sexually oriented offender's residence to the school or "as the crow flies." In his brief, Burge argues that the more logical approach to interpreting the statute would be to measure the distance from the sexually oriented offender's residence to the school or school facility by the *Page 10 
shortest walking route. Had the trial court elected to use the shortest walking route as the means by which to measure the distance between Burge's residence and Werz Field and Roosevelt Fieldhouse, Burge would have not been in violation of the 1,000 feet requirement in R.C.2950.031.
 {¶ 37} Obviously, Burge would prefer that we decide to employ the shortest walking distance as the method of measuring the 1,000 feet requirement in the statute. However, as we noted at the beginning of the opinion, Burge has relocated from the residence which is the subject location of this action. Thus, the issue with respect to whether the distance from an offender's residence should be measured by the shortest walking distance or "as the crow flies" has been rendered moot, and we do not reach the merits of Burge's fourth and final assignment of error.
 VII {¶ 38} In light of our holding with respect to Burge's second assignment of error, this matter is reversed and remanded for a hearing to supplement the record. As previously stated, the hearing should be limited to the presentation of evidence in regards to whether the Ex Post Facto Clause of the U.S. Constitution precludes application of the terms of R.C. 2950.031 to Burge's choice of residence. Judgment affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
James R. Dicks, Jr.
Stephen Johnson Grove
[1] At the time of oral arguments on August 7, 2007, appellate counsel for Burge acknowledged that Burge had vacated the apartment in Piqua whose location was at issue in the present appeal. *Page 1