OPINION
{¶ 1} Defendant-appellant Edward D. Burge appeals from an order of the trial court holding him in contempt for having violated an injunction, previously entered in that court, prohibiting him from living within 1,000 feet of a school, and in imposing a *Page 2 
sanction. Burge contends that the injunction he admittedly violated was void, under the authority of Hyle v. Porter, 117 Ohio St.3d 165,2008-Ohio-542, so that he could not have been deemed in contempt for having violated it.
 {¶ 2} We conclude that the injunction Burge violated was voidable, but not void. Therefore, the trial court did not err in holding him in contempt for the violation, and in sanctioning him for contempt. The contempt finding and sanction is Affirmed.
 I {¶ 3} Burge was convicted of a sexually oriented offense in 2000. In 2003, R.C. 2950.031, which is now R.C. 2950.034, was enacted to prohibit sex offenders from residing within 1,000 feet of a school. The statute provides that a county prosecutor may enforce the prohibition by seeking an injunction against the offender.
 {¶ 4} In 2005, plaintiff-appellee Gary A. Nasal, the Miami County Prosecutor, sought an injunction prohibiting Burge from continuing to reside at 458 Wood Street, in Piqua, upon the ground that it was within 1,000 feet of the school. On April 4, 2006, the trial court entered a permanent injunction to that effect.
 {¶ 5} In 2008, the Supreme Court of Ohio decided Hyle v. Porter,117 Ohio St.3d 165, 2008-Ohio-542, in which it held that the statutory prohibition against a sex offender living within 1,000 feet of a school, now codified at R.C. 2950.034, was not intended to apply retroactively to a person who committed the offense and bought his home, before its enactment. Thereafter, Burge moved back to 458 Wood Street, and moved for relief from the judgment that ordered injunctive relief against him.
 {¶ 6} The trial court overruled Burge's motion for relief from judgment. Nasal *Page 3 
sought and obtained a show-cause order ordering Burge to show cause why he should not be held in contempt for having violated the injunction. The matter was heard before the trial court on stipulated facts. The trial court found Burge to be in contempt, and imposed a 30-day jail sanction, conditioned upon his purging himself of contempt by moving out of the residence at 458 Wood Street, which Burge has done.
 {¶ 7} From the order of the trial court holding him in contempt and imposing a sanction, Burge appeals.
 II {¶ 8} Burge's sole assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED IN FINDING MR. BURGE IN CONTEMPT OF A VOID ORDER."
 {¶ 10} The parties are in agreement that the sole issue in this appeal is whether the permanent injunction prohibiting Burge from residing at 458 Wood Street was void, under the authority of Hyle v. Porter, supra, or merely voidable, at the time that Burge admittedly violated that injunction. If the injunction was void, then Burge cannot be held in contempt for violating a void order; if it was merely voidable, then he can be.
 {¶ 11} The void-versus-voidable issue depends, in turn, upon the issue of whether the holding in Hyle v. Porter, supra, implicates the subject-matter jurisdiction of the trial court. If a trial court lacks subject-matter jurisdiction, then any orders it issues in aid of that jurisdiction are void, not merely voidable.
 {¶ 12} To begin with, we find nothing in the opinion in Hyle v.Porter, supra, itself, *Page 4 
to suggest that the trial court in that case lacked subject-matter jurisdiction.
 {¶ 13} We agree with the State that R.C. 2727.03 confers upon common pleas courts the general subject-matter jurisdiction to hear and decide complaints for injunctive relief. Of course, a plaintiffs actual entitlement to injunctive relief depends upon either equitable principles, or a statute. In this case, Nasal's entitlement to injunctive relief, in his official capacity, depended upon R.C. 2950.031, as that statutory provision was then numbered.
 {¶ 14} If a common pleas court, exercising its general subject-matter jurisdiction to hear and decide a complaint for injunctive relief, erroneously determines that the plaintiff is entitled, either under general equitable principles or under a statute, to injunctive relief, and issues an injunction, then it has committed reversible error, and the remedy is an appeal. In other words, a common pleas court acting within its subject-matter jurisdiction, has jurisdiction to commit error, and, if no one appeals, as was the case here when the injunction was entered against Burge, that erroneous judgment is in full force and effect.
 {¶ 15} Burge cites two cases for his proposition that the trial court in this case was without subject-matter jurisdiction to enter the injunction against him. The first of these is Elkem Metals Company v.Washington County Board of Revision, 81 Ohio St.3d 683, 1998-Ohio-601. In that case, the Supreme Court of Ohio decided that a county board of revision lacked subject-matter jurisdiction, because the subject-matter jurisdiction conferred upon it by statute was conditioned upon certain predicates that had not been met. In the case before us, the Miami County Common Pleas Court has general subject-matter jurisdiction to hear and decide complaints for injunctive relief under *Page 5 
R.C. 2727.03. The fact that R.C. 2950.034 does not apply retroactively limits a plaintiffs ability to obtain injunctive relief under that statute, not the subject-matter jurisdiction of the court of common pleas to hear the matter.
 {¶ 16} The second case cited by Burge for the proposition that the trial court was without subject-matter jurisdiction is Ackerman v.Tri-City Geriatric Health Care, Inc. (1978), 55 Ohio St.2d 51. We construe the holding in that case to be that complaints for injunctive relief predicated upon a statute providing for injunctive relief are not subject to equitable defenses, unlike complaints for injunctive relief based not upon a statute, but upon equitable principles. In other words, in that case, as in the case before us, the plaintiffs entitlement to equitable relief was governed by the applicable statute, not by equitable principles. Id., at 57. But we have found nothing in theAckerman opinion to indicate that a plaintiffs lack of entitlement, under a statute, to injunctive relief, vitiates the subject-matter jurisdiction of the trial court to hear and to decide the case.
 {¶ 17} Burge cites footnote 4 in the Ackerman opinion, at55 Ohio St.2d 55, which reads, in its entirety, as follows:
 {¶ 18} "Given the express jurisdictional limitations imposed by R.C. 3721.08, we find that the Court of Appeals was without authority to order that appellant [the Director of the Department of Health] issue or deny a license within ten days and that the appropriate method for appellees [a health care center and its officers] to challenge the constitutionality of R.C. 3721.07, as applied to the facts of the instant cause and in light of the deadlines for applications imposed by Rule 3701-17-03 of the Ohio Administrative Code, is an action in mandamus to compel the Director to issue or deny the license."
 {¶ 19} We find this footnote to be readily explicable, and unremarkable, as *Page 6 
indicating merely that the statute in that case provided for the availability of injunctive relief, on the part of the director of health, to enjoin a nursing home from operating without a license or in a dangerous manner; it did not provide for the availability of injunctive relief, on the part of a nursing home operator, to order the director of health to take action. This does not implicate subject-matter jurisdiction.
 {¶ 20} In fact, the full footnote suggests that the unconstitutionality of the statute providing for injunctive relief would not vitiate the subject-matter jurisdiction of the court of common pleas to issue an injunction under that statute, but would instead be a proper subject of a separate action in mandamus.
 {¶ 21} We conclude that the trial court in this case was possessed of subject-matter jurisdiction to consider and decide the prosecutor's application for injunctive relief, so that the injunction it issued was merely voidable (in light of Hyle v. Porter, supra), and not void. Therefore, the injunction issued against Burge was in full force and effect when he admittedly violated it, and the trial court did not err when it held him in contempt and imposed a sanction.
 {¶ 22} Burge's sole assignment of error is overruled.
 III {¶ 23} Burge's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
DONOVAN, P.J., and BROGAN, J., concur.
Copies mailed to:
Gary A. Nasal James R. Dicks, Jr. Margie Slagle Kyle W. Williamson Hon. Robert J. Lindeman *Page 1