THE STATE OF OHIO, APPELLANT, *v.* ALEXANDER BROTHERS, INC. ET AL., APPELLEES.

(No. 74-CA-6—Decided November 1, 1974.)

*Mr. William J. Brown*, Attorney General, and *Mr. Bruce E. Cryder*, for appellant.

*Mr. Ralph L. Kinsey* and *Mr. Robert J. Shedlarz*, for appellees.

HOLMES, J.   This is an appeal of a judgment in the Court of Common Pleas of Coshocton County, dated February 25, 1974, which dismissed the complaint filed by the division of forestry and reclamation of the Ohio Department of Natural Resources. Such division sought a temporary restraining order and preliminary and permanent injunction against the defendants for their continued alleged unlicensed strip mining operation in Monroe Township, Coshocton County, Ohio, in violation of R. C. 1513.-17(A).

After a hearing on a motion for summary judgment, the trial court denied such "on the grounds that you have failed to submit evidence sufficient to show that by denial of the injunction the State of Ohio will suffer irreparable damage." The court then stated: "This completes our hearing and your motion for a permanent and preliminary injunction and temporary restraining order is denied."

Subsequent to that statement, however, plaintiff, the appellant herein, was given an opportunity to present evidence of irreparable harm. At that time, the state argued that R. C. 1513.15(A) replaces any need to show irreparable harm to obtain an injunction if it is shown that there is a violation of any section of R. C. Chapter 1513. Nevertheless, at the conclusion of the hearing, the trial court denied the complaint for a permanent and preliminary injunction and temporary restraining order.

The state appeals, setting forth the following assignment of error:

"The Coshocton County Court of Common Pleas erred in its determination that Appellant's right to injunctive relief pursuant to Section 1513.15(A), Revised Code of Ohio, is conditioned upon a showing of irreparable harm to Appellant."

We are in agreement with the appellant herein and believe the law on this appeal to be governed by the principle stated in 42 American Jurisprudence 2d 776, Injunctions, Section 38, as follows:

"A positive duty may be imposed by statute upon the court to grant injunctive relief where certain specified conditions are made to appear. Where an injunction is authorized by statute and the statutory conditions are satisfied, the usual grounds for injunctive relief need not be established. For example, where a statute regulates a certain business and provides that an injunction may be granted to enforce the law, the party who seeks an injunction need not show irreparable injury or that he has no adequate remedy at law, where the statute authorizing an injunction does not place such limitations upon the granting of relief."

The above rule is also set forth in 29 Ohio Jurisprudence 2d 176, Injunctions, Section 13, as follows:

"Maxims for invoking equity jurisdiction may not apply if the remedy of injunction is given by statute, in view of the general rule that where a statute creates a new statutory right of action, equitable principles may not be applicable."

R. C. 1513.15(A) is quite specific as to the relief provided in the event of a violation of R. C. Chapter 1513. It provides as follows:

"In addition to any other remedy under Chapter 1513. of the Revised Code, the attorney general or any other person adversely affected or about to be adversely affected by an operation may apply to the court of common pleas of the county wherein the operation is situated to enforce compliance with, or to restrain violation of, any requirement of Chapter 1513. of the Revised Code, a rule adopted thereunder, or an order of the chief. The remedy prescribed in this division is cumulative and concurrent with any other remedy, and the existence or exercise of one remedy does not prevent the exercise of any other remedy."

Such section specifically authorizes the Attorney General or other person adversely affected by a strip mining operation to apply to the appropriate court for an injunction to enforce compliance with, or restrain violations of, any requirement of R. C. Chapter 1513.

R. C. 1513.17 provides in pertinent part that "No person shall: (A) Engage in strip mining without a license * * *." At the hearing of this matter, the defendants stipulated that they were in fact at such time operating a strip mining project in Monroe Township, and that they were so operating under a license from the state of Ohio which had expired. We hold that under such facts, with no further evidence being adduced to show any reasonable basis for the noncompliance of these defendants, the trial court need not require a showing of irreparable harm as a condition for granting the injunctive relief sought. Based upon what was before the trial court, such injunctive relief should have been granted upon such reasonable terms as might be ordered by the trial court.

Concluding, we reverse the judgment of the trial court and remand this matter to the Court of Common Pleas of Coshocton County for further proceedings that will accomplish the purposes of R. C. Chapter 1513.

*Judgment reversed and cause remanded.*

PUTMAN, P. J., and RUTHERFORD, J., concur.

HOLMES, J., of the Tenth Appellate District, sitting by designation in the Fifth Appellate District.