[Cite as *Kearns v. Monroe Twp. Bd. of Zoning Appeals*, 196 Ohio App.3d 127, 2011-Ohio-1138.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| Kearns, | : | Case No. 10CA32 |
| Appellant, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| Monroe Township Board of Zoning Appeals, | : | |
| Appellee. | : | **RELEASED 03/09/11** |

_____

APPEARANCES:

Joseph Kearns, pro se.

Judy C. Wolford, Pickaway County Prosecuting Attorney, and Jayme Hartley Fountain, Assistant Prosecuting Attorney, for appellee.

_____

HARSHA, Presiding Judge.

{¶1} After the Monroe Township Zoning Board of Appeals revoked a conditional-use permit it had previously issued to Joseph Kearns to operate a bed and breakfast, he appealed to the Pickaway County Court of Common Pleas. The court upheld the zoning board's revocation, and Kearns now appeals that judgment.

{¶2} Kearns raises three assignments of error in his pro se brief. Kearns's second assignment of error asserts that the zoning board of appeals did not have jurisdiction to revoke the conditional-use permit it had previously issued. R.C. 519.14(D) expressly limits the board's authority to revoke conditional-use permits to situations involving certificates for the extraction of minerals. Because Kearns's

certificate authorized a bed and breakfast, the zoning board of appeals had no authority to revoke it. The township remedy for a violation of conditions of the permit lies in an enforcement action in court under R.C. 519.24 and/or a criminal proceeding under R.C. 519.23. Therefore, we reverse the trial court's judgment without addressing the remaining two assignments of error, which are moot.

## I. Summary of the Facts

{¶3} In 2005, Kearns completed construction of a bed and breakfast at a single-family residence located on Deer Creek Road in Monroe Township, Pickaway County, Ohio. Apparently, Kearns received a negative response from neighbors about the bed and breakfast. In 2006, the township zoning inspector wrote Kearns to inform him that the bed and breakfast was located in an area zoned "Farm Residence" and that he was operating it in violation of a Monroe Township zoning resolution. Nevertheless, Kearns continued to operate the bed and breakfast.

{¶4} In November 2007, the board held a meeting to discuss the bed and breakfast. Kearns appeared with counsel and requested a conditional-use permit, which the board granted.

{¶5} Then in November 2009, the board received a letter from Kearns's neighbor, complaining that Kearns was operating his bed and breakfast in violation of the use permit. The board scheduled a public meeting in January 2010 to discuss the bed and breakfast and consider revoking the conditional-use permit. It mailed notice to Kearns by certified mail and published notice of the meeting in the classified section of a local newspaper. Additionally, the board secretary stated in an affidavit that he called Kearns prior to the meeting, but Kearns was unavailable. The board secretary indicated

that he left Kearns a message requesting a call back, but Kearns did not respond. The board held the public meeting as scheduled, and Kearns did not appear. The board then voted unanimously to revoke the permit after finding that Kearns had failed to comply with it.

{¶6}     Kearns then filed a pro se appeal with the trial court, which found that the board had provided Kearns with untimely notice under R.C. 519.15. But the court found that Kearns had failed to establish prejudice from this technical infraction, because he had actual notice of the hearing and failed to attend or reschedule it. The court also rejected his arguments that the board lacked jurisdiction to revoke the conditional-use permit and that the evidence failed to support the board's decision to do so. Kearns then filed his notice of appeal with this court.

II. Assignments of Error

{¶7}   Kearns submits three assignments of error:

1. The trial court erred in finding inadequate notice of Appellant and public to be harmless.

2. The trial court erred in finding the Defendant has authority to revoke Appellant's Conditional Use Certificate.

3. The trial court erred as a matter of law and fact in finding for the Defendant, as the decision of the trial court is not supported by a preponderance of reliable, probative and substantial evidence, making the decision unreasonable, arbitrary and unconscionable, and the trial court applied the wrong

standard in determining the conditions of the Conditional Use Certificate were not met.

**{¶8}** Because the second assignment of error is dispositive of this appeal, we limit our review to it. See App.R. 12(A)(1)(c), dealing with moot issues.

### III. Standard of Review of Appeals of Administrative Decisions

**{¶9}** R.C. 2506.04 governs the standard of review employed by the common pleas court and this court in an appeal from an administrative decision. A trial court has extensive power to review the entire record to determine whether the board's decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the evidence. An appellate court's review is more limited – we simply review the trial court's judgment for errors of law and abuses of discretion. *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433, citing *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848, fn. 4; *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264. Kearns's contention that the zoning board of appeals lacked jurisdiction to revoke the permit presents us with a question of law affording him a de novo review.

### IV. Did the Zoning Board of Appeals have the Authority to Revoke the Conditional Use Permit?

#### A. R.C. 519.14

**{¶10}** Kearns contends that the board lacked the statutory authority to revoke the conditional-use permit. Kearns claims that the proper method to revoke the permit is an "enforcement activity properly administered by a Township Zoning Inspector (R.C. 519.16)." In response, the board contends that R.C. 519.14 authorizes it to revoke

conditional-use permits that it issues and that the Monroe Township Zoning Code 9.07 specifically provides a procedure for this activity.

{¶11} Under R.C. 519.14, the board has the power to:

(C) Grant conditional zoning certificates for the use of land, buildings, or other structures if such certificates for specific uses are provided for in the zoning resolution. If the board considers conditional zoning certificates for activities that are permitted and regulated under Chapter 1514. of the Revised Code or activities that are related to making finished aggregate products, the board shall proceed in accordance with section 519.141 of the Revised Code.

*(D)  Revoke an authorized variance or conditional zoning certificate granted for the extraction of minerals, if any condition of the variance or certificate is violated.*

(Emphasis added.)

{¶12} The cardinal rule of statutory construction is that courts apply unambiguous statutes as they are written – they do not construe them.  *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, at ¶ 11.  Here, the plain language of the statute makes it clear that an administrative revocation applies only to conditional permits involving the extraction of minerals.  As our colleagues in the Seventh District observed when applying this statute, R.C. 519.14 mentions revocation powers in one instance – R.C. 519.14(D) – and that revocation power is limited to conditional-use permits issued for the extraction of minerals.  By its express language, the General Assembly made it clear that a board of zoning appeals has "no revocation authority other than that specifically stated."  *Carrocce v. Boardman Twp. Bd. of Zoning*

*Appeals* (Aug. 25, 1993), Mahoning App. No. 92 C.A. 38, 1993 WL 327678, at *4; see also *Millcreek Twp. Bd. of Trustees v. Davisson*, Union App. Nos. 14-06-49 and 14-06-50, 2007-Ohio-5491, at ¶35.

**{¶13}** Consequently, we agree that the board lacked jurisdiction to revoke the conditional-use permit for the bed and breakfast.  It may seem odd that the General Assembly would restrict a board's ability to ensure compliance with the explicit restrictions found in the permit.  However, R.C. Chapter 519 provides enforcement mechanisms to achieve the same ends, e.g., R.C. 519.24 authorizes civil actions by township officials and others to enjoin or abate violations of zoning regulations.  And R.C. 519.23 criminalizes the use of a building or land in violation of a township zoning resolution.  In any event, we are restricted to applying the unambiguous terms of R.C. 519.14(D).  Accordingly, we conclude that the board had no statutory authority to revoke the permit.

### B. Section 9.07 of the Rules of the Township Zoning Board of Appeals

**{¶14}** The board argues that it has the authority to revoke a conditional-use permit under its own rules.  It cites Section 9.07 of the Rules of the Monroe Township Board of Zoning Appeals, which states:

Expiration and Revocation of Zoning Certificate Issued Under Conditional Use Provisions

The approval of the zoning certificate issued in accordance with Section 9.06 shall become null and void if such use is not carried out within one (1) year after date of approval.  The Board may revoke the zoning certificate upon written

evidence by any resident or official of the Township of violation of the Zoning Resolution and/or written terms and conditions upon which approval was based.

**{¶15}** As our colleagues in the Second District noted, a township has no inherent zoning power. See *Baker v. Mad River Twp. Bd. of Zoning Appeals*, Champaign App. No. 2008 CA 16, 2009-Ohio-3121, at ¶ 21, citing *Meerland Dairy, L.L.C. v. Ross Twp.*, Greene App. No. 07CA83, 2008-Ohio-2243, at ¶ 7, in turn citing *Yorkavitz v. Columbia Twp. Bd. of Trustees* (1957), 166 Ohio St. 349, 142 N.E.2d 655. The power a township has to regulate the use of land through zoning regulations is limited to the authority expressly conferred by statute. Id., citing *Meerland* at ¶7, in turn citing *Bainbridge Twp. Bd. of Trustees v. Funtine* (1990), 55 Ohio St.3d 106, 563 N.E.2d 717.

**{¶16}** Regardless of whether the board followed its own rules, a board of zoning appeals has no authority to create rules that add substantive powers to its statutory authority. This rule effectively creates authority where none exists by statute, i.e., it is ultra vires. Therefore, the board could not revoke the permit by application of its own rules.

V. Conclusion

**{¶17}** The board lacked authority to revoke the conditional-use permit it issued Kearns to operate his bed and breakfast. We therefore sustain Kearns's second assignment of error, which renders his first and third assignments moot, and remand the matter to the trial court to enter judgment in Kearns's favor.

Judgment reversed

and cause remanded.

ABELE and MCFARLAND, JJ. concur.