[Cite as *New Holland v. Murphy*, 2019-Ohio-2423.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| VILLAGE OF NEW HOLLAND, | : | |
| | : | Case No. 18CA6 |
| Plaintiff-Appellant, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| MICHAEL J. MURPHY, et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

_____

APPEARANCES:

Jack D'Aurora and John M. Gonzales, The Behal Law Group LLC, Columbus, Ohio, for Appellant.

James R. Kingsley, Circleville, Ohio, for Appellees.
_____

Smith, P.J.

{¶1} This is an appeal from a Pickaway County Court of Common Pleas judgment entry denying Appellant, Village of New Holland's, motion for a permanent injunction seeking to enjoin Appellees, Michael Murphy, et al., from operating a business from his residence in violation of the village's zoning ordinances. On appeal, Appellant contends that 1) in deciding whether to grant a permanent injunction, the trial court used the wrong

burden of proof; and 2) in reviewing the village's zoning ordinances, the trial court used the wrong standard of review.

{¶2} Because we find merit to both of the assignments of error raised by Appellant, they are both sustained. As a result, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion, in order to determine the matter in light of the correct standard of review, while applying the correct burden of proof.

FACTS

{¶3} The facts pertinent to this appeal are as follows. On August 30, 2017, Appellant, Village of New Holland, filed a complaint for injunction against Appellee, Michael Murphy. Appellee's wife was later joined as a party to the lawsuit. The complaint alleged Appellant was entitled to a permanent injunction pursuant to R.C. 713.13 barring Appellees from operating a business on their property, which was located in a residential district. The complaint further alleged that Appellees had "applied for and received a purported 'conditional use permit' for the property" on January 30, 2002, but that the conditional use permit (hereinafter "CUP") did not specify that Appellees were permitted to run a business on their residential property. Appellants further alleged that Appellees' business, which involves the

repair of lawn and garden equipment and tractors, was a prohibited use on residential property, and that a variance, as opposed to a CUP, would have been required under the zoning code. Appellants alleged further deficiencies in the process that resulted in the issuance of the purported CUP, however, as those issues are not pertinent to our disposition on appeal, we do not include them. Appellant thereafter filed a motion for a preliminary and permanent injunction, the basis of which appeared to be increased wear and tear and road damage the village attributed to heavy equipment being driven to and from Appellees' business. Appellees' position regarding the basis for the request for the injunction was that Appellant could not use zoning ordinances to enforce weight restrictions on streets.

{¶4} Appellees filed an answer asserting multiple defenses and a general denial of the allegations of the complaint. During the course of the litigation, Appellees filed an exhibit, which was a document entitled "Conditional Use Permit On Property Of Michael Murphy And Ruth Murphy." The document specified it applied to Appellees' residential address, which was zoned "R1 & R2[.]" single family homes and two family homes, respectively. The document was signed by four members of the zoning board and was dated January 30, 2002.

{¶5} The matter eventually proceeded to a bench trial. Various witnesses testified, including several of Appellees' neighbors and then-members of the zoning board, regarding their recollections as to when Appellees initially obtained the purported CUP back in 2002. Because most of this witness testimony relates to the deficiencies regarding the issuance of the purported CUP, as alleged in the complaint and which we have ultimately determined not to be pertinent to this appeal, we do not include it here. Of importance to the within matter, however, Mr. Murphy testified at trial. Of relevance, he testified that he was actually a member of the zoning board at the time he applied for the CUP in 2002. He testified that he recused himself from the meeting and did not vote on his application. He testified he believed he had been granted a CUP that permitted him to both build a new garage on his residential property, and to also conduct his repair business from that garage. Importantly, he testified that he was unaware if a resolution was ever passed granting him a CUP and he was unable to produce any evidence indicating a resolution had been passed. He further testified that he had applied for the CUP so that he could downsize his existing business and relocate it to his residential property. He further testified that as a result of the issuance of the CUP, he was issued a building permit, which led to him to build an additional garage on his residential

property.  He testified that his repair business is currently his only source of income.

{¶6} Clair Betzco, Jr., mayor of the village, testified on behalf of Appellant.  He testified that despite a thorough search, the only document he could find regarding the CUP at issue was the document filed by Appellees, as referenced above.  He stated he found it in the village administrator's filing cabinet in an unmarked folder in 2017, but that it should have been in the clerk's office in a filing cabinet marked "Permit Uses."  Incidentally, there was testimony introduced at trial indicating Mr. Murphy may have actually served as Village Administrator in 2002.  Mavis Yourchuck, Village Clerk, also testified for Appellant.  She testified that she physically handed Mr. Murphy the document purporting to be a conditional use permit.  She also testified, however, that council meeting minutes from February 11, 2002, just twelve days after the CUP was purportedly issued, indicated the CUP was stopped.

{¶7} After hearing the trial testimony and considering post-trial arguments submitted by the parties, the trial court ultimately issued a decision denying Appellant's request for a permanent injunction.  It is from that judgment that Appellant now brings its timely appeal, setting forth two assignments of error for our review.

ASSIGNMENTS OF ERROR

"I.    IN DECIDING WHETHER TO GRANT A PERMANENT
       INJUNCTION, THE TRIAL COURT USED THE WRONG
       BURDEN OF PROOF.

II.    IN REVIEWING THE VILLAGE'S ZONING ORDINANCES, THE
       TRIAL COURT USED THE WRONG STANDARD OF REVIEW."

ASSIGNMENT OF ERROR II

{¶8} For ease of analysis, we address Appellant's assignments of error out of order. In its first assignment of error, Appellant contends that in reviewing the village's zoning ordinances, the trial court used the wrong standard of review. Appellant raises three questions under this assignment of error. First, Appellant questions whether the conditional use permit (CUP) at issue in this case was a final order. Second, Appellant questions whether, in reviewing the CUP, the trial court employed the correct standard of review. Third, Appellant questions whether this Court should review the CUP de novo. Appellees respond by arguing that the trial court used the proper standard of review when reviewing the CUP, which was the "presumption of regularity" standard. However, Appellees concede the trial

court improperly applied the standard of review set forth in R.C. 2506.04, which governs appeals from administrative decisions.

{¶9} Appellant essentially contends the trial court made a legal error by applying an incorrect standard of review below. In *Wray v. Wessell*, 4th Dist. Scioto Nos. 15CA3724, 15CA3725, 2016-Ohio-8584, ¶11-13, we considered an argument alleging the trial court had abused its discretion in the admission of evidence. In reaching our decision we observed that when an appellant alleges a trial court's evidentiary ruling was based on a misconstruction of the law or an erroneous standard, the appellate court must review the trial court's evidentiary ruling using a *de novo* standard of review. Citing *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶16; in turn citing *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 346, 604 N.E.2d 808 (2nd Dist. 1992); see also *Shaffer v. Ohio Health Corp*, 10th Dist. Franklin No. 03AP-102, 2004-Ohio-63, ¶6 ("however, where a trial court has misstated the law or applied the incorrect law, giving rise to a purely legal question, our review is de novo.")

{¶10} Similarly, we conclude Appellant's argument that the trial court applied an incorrect standard of review in considering the proceedings below involves a legal question, which we review de novo. Further, in *Matter of*

*Name Change of Davis*, 4th Dist. Ross. No. 1774, 1992 WL 208905, *4, we

concluded that an appellant must affirmatively show prejudice resulted from

a trial court's utilization of an improper legal standard.  With these principles

in mind, we now turn to the merits of Appellant's second assignment of

error.

{¶11} In order to address the proper standard of review that should

have been employed by the trial court, we must first determine the type of

action and procedural posture of the case that was before the trial court.  A

review of the record reveals that the trial court appears to have characterized

the matter as an appeal from an administrative decision approving a CUP in

favor of Appellees, as opposed to the filing of an initial complaint for an

injunction by Appellant, based upon Appellees' alleged violation of zoning

ordinances.  As such, the trial court approached its review of the matter by

stating as follows:

> "Because Plaintiff is challenging the validity of the CUP, this
> Court will review the original issuance of the CUP, an
> administrative action by the Board of Zoning Appeals ("BZA").
> Pursuant to R.C. 2506.04, in an administrative appeal, the
> common pleas court considers the whole record, including any
> new or additional evidence, and determines whether the
> administrative order is unconstitutional, illegal, arbitrary,
> capricious, unreasonable, or unsupported by the preponderance
> of substantial, reliable, and probative evidence.  In reviewing an
> appeal of an administrative decision, a court of common pleas
> begins with the presumption the board's determination is valid,

and the appealing party bears the burden of showing otherwise."[1]

The trial court made several statements regarding its standard of review throughout its decision, explaining that, in light of its standard of review, it was presuming the validity of the "board's determination[.]"  It appears implicit from the language employed by the trial court that the court was assuming the CUP at issue was, in fact, actually granted, and was, therefore, final and appealable.

{¶12} For instance, under the "Conclusions of Law" portion of the decision the trial court made several additional statements regarding the standard of review it was employing, as well as presumptions of validity it was making, as follows:

1. "This Court reviews an administrative action for abuse of discretion, presuming that the administrative body's action is valid.  Plaintiff carries the burden of proving otherwise."

2. "As a reminder, this Court must start from the position of presuming that the board's determination is valid* * *."

3. "The fact that records pertinent to this matter are missing, * * * does not inure to the benefit of the Village."

---

[1] In *Kearns v. Monroe Twp. Bd. of Zoning Appeals*, 196 Ohio App.3d 127, 2011-Ohio-1138, 962 N.E.2d 808, this Court observed essentially this same standard of review at ¶9 regarding a common pleas court's review of an appeal from an administrative decision.

Thus, by characterizing the matter as an appeal from an administrative decision, the trial court employed a somewhat limited standard of review, especially to the extent that it essentially afforded a presumption of validity to Appellees' claim that the CUP it allegedly possessed was valid, and imposed a burden upon Appellant to prove otherwise.

{¶13} Importantly, as set forth above, Appellees concede on appeal that the trial court employed the wrong standard of review. As succinctly stated by Appellees in their brief: "The trial court improperly found that the standard of review in R.C. § 2506.04 applied. After 15 years, the Village had no right to appeal and Appellees certainly were not appealing it." Appellees essentially contend that the trial court nevertheless reached the correct result. For the following reasons, however, we disagree.

{¶14} A review of the record before us reveals that Appellees' position throughout the litigation below was that Mr. Murphy received a valid and final CUP from the Village of New Holland in January of 2002 for the operation of a home business that included repair of garden equipment and tractors, and which included the building of an additional garage in which to conduct the repairs, on his residential property, which was located in an R-1/R-2 (residential) district. Appellees' arguments are based upon the premise that the CUP at issue is valid, and that the village had no right to

appeal the granting of the CUP fifteen years later, and likewise had no right to revoke the CUP. The position of the Village, on the other hand, has consistently been that the CUP claimed by Appellees was invalid to the extent it was never finalized, and thus did not constitute a final order. Appellees likewise claim that in the absence of the valid CUP, there was nothing to appeal and concomitantly nothing to revoke. Thus, Appellant's big-picture argument, which seems to have been lost upon the trial court and Appellees below, is that the CUP relied upon by Appellees was invalid, as it was never finalized. Stated another way, there was no CUP because the process of granting a CUP was never completed. We agree.

{¶15} A review of the Village of New Holland Zoning Ordinance demonstrates that a process does, in fact, exist for property owners to request and obtain both conditional use permits and variances. Article 61 of the zoning ordinance provides the manner in which the Board of Zoning Appeals may act, and states as follows in section 61.02:

> "*The Board shall act by resolution*; and the concurring vote of three (3) members of the Board shall be necessary to reverse any order or determination of the Zoning Inspector, or to decide in favor of an applicant in any matter on which the Board has original jurisdiction under this Ordinance, or to grant any variance from the requirements stipulated in this Ordinance." (Emphasis added).

Thus, the Board of Zoning Appeals only formally acts through the issuance of a resolution. The fact that the Board of Zoning Appeals only acts by resolution is central to our disposition of this matter.

{¶16} Here, Appellees claim they were granted a valid CUP, asserting as evidence a document entitled "Conditional Use Permit On Property Of Michael Murphy and Ruth Murphy," which contains the signatures of four members of the zoning board.[2] However, Appellee Michael Murphy testified in the proceedings below that he had no information indicating a resolution was passed authorizing him to repair equipment on his property. Further, there was no evidence introduced below indicating a resolution granting a CUP to Michael Murphy for any purpose was ever passed, as required by Ordinance No. 61.02.

{¶17} Further, the explanation for why a resolution was never passed actually appears in the Village of New Holland Regular Council meeting minutes dated February 11, 2002, which are part of our record on appeal. A Planning Commission and Zoning report contained in the meeting minutes states as follows:

> "Faye reported that they are still going through the present
> zoning ordinance. They approved a Conditional Use Permit to
> Mike Murphy to build a garage at his residence on Oak Street.

---

[2] Article 61, Board of Zoning Appeals specifically provides in section 61.02 that "[t]hree (3) members of the Board shall constitute a quorum."

> Phil made a motion to stop the Conditional Use Permit with Mike Murphy until it was checked out to see if it was done correctly. This is due to a variance for Mrs. Osborne not being permitted in 1997. 2nd by Jim. 6 yea's, motion carried."

Thus, although four members of the Board of Zoning Appeals apparently voted to approve the CUP on January 30, 2002, and issued a document to Mr. Murphy purporting to be a CUP, on February 11, 2002, it was reported to Village Council that the board subsequently passed a motion to stop the CUP. According to the village ordinance, voting to approve a CUP was only step one of a two-step process for granting a CUP. Issuing a resolution was step two. However, there is nothing in the record to indicate further action was ever taken, that the CUP process was reinstated or that a resolution was ever passed, which, importantly, is the only manner in which the board may act. Therefore, no valid CUP was ever issued.[3]

{¶18} Further, we are troubled by the trial court's suggestion of wrongdoing on the part of the village in its judgment entry. This suggestion further indicates Appellant was, in fact, prejudiced by the incorrect standard of review employed by the trial court. For instance, the trial court stated as follows:

---

[3] The parties spend much time debating what rights the CUP granted Mr. Murphy. Appellees argue, and the trial court found, that the CUP permitted the building of a garage and the right to operate a repair business in that garage, with certain limitations. Appellant argues, at the most, and only if the CUP is declared valid, that it granted Mr. Murphy the right to build a garage only, and did not expressly state he could operate a business on his residential property. However, in light of our determination that no CUP was actually granted, as no resolution was ever passed, we do not address the breadth of the purported CUP, as that issue is now moot.

> What is troubling here is that the Village attempts to use its own mistakes to its benefit. The Village of New Holland is responsible for maintaining the records of the BZA activities and meetings as well as its Council meetings. The fact that records pertinent to this matter are missing, * * * does not inure to the benefit of the Village.

Because the trial court was conducting its review of the proceedings from the standpoint that the board's determination, which implicitly included an assumption a CUP had, in fact, been granted and was valid, it made several "presumptions" that in effect favored Appellees. However, viewing this matter anew, without making presumptions regarding the validity of the CUP, it could be equally presumed that the records were not missing, but instead that the records did not exist because they were never, in fact, created.

{¶19} There is simply no evidence in the record that a resolution was passed officially granting Mr. Murphy a CUP, as required by Village Ordinance section 62.01. Further, considering Mr. Murphy was actually a member of the Board of Zoning Appeals at the time his application for a CUP was being considered, we believe it could fairly be inferred that Mr. Murphy knew the CUP was stopped and that the required resolution was never passed.

{¶20} In light of the foregoing, we conclude a valid CUP was never finalized according to the process required by the village ordinance.

Because a valid CUP was never issued, or formally denied, there was nothing to appeal at that time, nor should the matter have been treated as an appeal from an administrative decision by the trial court below. The trial court's characterization of the matter as an appeal from an administrative decision affected the court's review of the matter, especially to the extent it presumed the validity of the allegedly-issued CUP and imposed upon Appellant the burden of proving otherwise. Further, Appellees concede on appeal the trial court mischaracterized the nature of the proceedings below and applied an incorrect standard of review. Instead, the trial court should have characterized the action as it was titled, a complaint for an injunction based upon an alleged zoning violation, which necessarily involves a broader standard of review.

{¶21} Thus, the arguments raised under Appellant's second assignment have merit and are sustained. Accordingly, the decision of the trial court is reversed and this matter is remanded for further proceedings to employ the correct standard of review, which we will discuss in more detail under Appellant's first assignment of error.

ASSIGNMENT OF ERROR I

{¶22} In his first assignment of error, Appellant contends that the trial court used the wrong burden of proof in deciding whether to grant a

permanent injunction. Specifically, Appellant argues the trial court failed to differentiate between the requirements for a regular injunction versus a statutory injunction. Appellant further argues the trial court incorrectly imposed a clear and convincing evidence burden of proof upon it, rather than preponderance of the evidence. Appellees counter by arguing that the trial court correctly required a clear and convincing evidence burden of proof. Thus, as in Appellant's second assignment of error, Appellant contends the trial court committed a legal error by utilizing an incorrect legal standard. Therefore, this is also a question we will review *de novo*.

{¶23} This case began with the filing of a complaint by a village, requesting a permanent injunction against a property owner based upon a violation of a zoning ordinance. More specifically, Appellant, the village, sought an injunction pursuant to R.C. 713.13 prohibiting Appellees, the Murphys, from operating a business from their residence in violation of the village's zoning ordinance. Appellant also relied upon Article 60.06 of its zoning ordinance in support of its claim. R.C. 713.13, titled "Violation of zoning ordinance may be enjoined" provides, in pertinent part, as follows:

> No person shall erect, construct, alter, repair, or maintain any building or structure or use any land in violation of any zoning ordinance or regulation * * *. In the event of any such violation, * * * the municipal corporation * * * may institute a suit for injunction to prevent or terminate such violation.

Article 60.06, titled "Violations - Remedies" provides as follows:

> In case any building is or is proposed to be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used, or any land is or is proposed to be used in violation of this Ordinance or any amendment or supplement thereto, the Village Council, the Village Solicitor, the Zoning Inspector, or any adjacent or neighboring property owner who would be specially damaged by such violation, in addition to other remedies provided by law, may institute injunction, mandamus, abatement, or any other appropriate action, actions, proceeding or proceedings to prevent, enjoin, abate or remove such unlawful location, erection, construction, reconstruction, enlargement, change, maintenance, or use.

{¶24} The alleged zoning violation involved the fact that Appellees were operating a business from their home, which was located in a district zoned for residential use.  As fully discussed above, Appellees claimed they were in possession of a valid conditional use permit, or CUP, which permitted them to build a garage on their residential property and to also operate a business on that property.  The trial court denied Appellant's request for an injunction based upon its finding that Appellees had a valid CUP permitting operation of their business.  However, as set forth above, we have determined a CUP was never actually issued, as the Board of Zoning Appeals never passed the required resolution that was necessary to grant a CUP.

{¶25} At issue in this assignment of error, however, is whether the trial court utilized and applied the correct burden of proof in denying

Appellant's request for an injunction. Appellant contends the trial court mistakenly utilized a clear and convincing evidence standard, rather than a preponderance of evidence standard, in denying its request for an injunction. Appellees contend that the clear and convincing evidence is the correct burden of proof, as "enunciated" by the judge. Appellees concede, however, the judge misspoke "when he said the Village had to prove irreparable harm before the injunction could be granted[.]" Nonetheless, Appellees claim this error was essentially harmless, arguing "that issue was not a basis of his decision."

{¶26} "To obtain a permanent injunction, the plaintiff must demonstrate a right to relief under any applicable substantive law." *Office of Scioto Township Zoning Inspector, v. Puckett*, 2015-Ohio-1444, 31 N.E.3d 1254, ¶28; citing *Island Express Boat Lines, Ltd. v. Put–in–Bay Boat Line Co.,* 6th Dist. Erie No. E–06–002, 2007-Ohio-1041, ¶93. "Additionally, the plaintiff must *ordinarily* prove, by clear and convincing evidence, that the injunction is necessary to prevent irreparable harm and that the plaintiff does not have an adequate remedy at law." *Id.* (Emphasis added). *However*, "[i]t is established law in Ohio that, when a statute grants a specific injunctive remedy to an individual or to the state, the party requesting the injunction 'need not aver and show, as under ordinary rules in equity, that great or

irreparable injury is about to be done for which he has no adequate remedy at law * * *.' " *Puckett* at ¶28; quoting *Ackerman v. Tri–City Geriatric & Health Care, Inc.*, 55 Ohio St.2d 51, 56, 378 N.E.2d 145 (1978); quoting *Stephan v. Daniels*, 27 Ohio St. 527, 536 (1875). " 'Therefore, statutory injunctions should issue if the statutory requirements are fulfilled.' " *Puckett* at ¶28; quoting *Columbus Steel Castings Co. v. King Tool Co.*, 10th Dist. Franklin Nos. 11AP–351 & 11AP–355, 2011-Ohio-6826, ¶66; citing *Ackerman* at 57.

{¶27} Further, although not directly discussed and not directly at issue in *Puckett,* in *State ex rel. Dewine v. Ashworth, et al.*, 4th Dist. Lawrence No. 11CA16, 2012-Ohio-5632, ¶64, this Court held that in a civil case involving a request for a statutory injunction, the burden of proof is preponderance of evidence, rather than clear and convincing evidence. In reaching this holding, we reasoned as follows:

> Because this is a civil case and these provisions are silent as to the applicable burden of proof, we conclude that the State only had to prove the violations by a preponderance of the evidence, not by clear and convincing evidence as the Appellants suggest. *See Wilson v. Ward*, 183 Ohio App.3d 494, 2009–Ohio–2078, 917 N.E.2d 821, ¶11 (9th Dist.).

Just like in *Ashworth*, the relevant statutory provisions here are silent as to the burden of proof that must be met in order to demonstrate a statutory violation. Thus, consistent with our prior precedent on this issue, we hold

Appellant only had to prove a statutory violation, the premise of which was a zoning violation, by a preponderance of the evidence, rather than by clear and convincing evidence, in order to obtain an injunction.

{¶28} Appellees argue *Ashworth* was either wrongly decided or factually distinguishable from the present case. Appellees further argue that its holding was since "disavowed" in *State ex rel. Dewine v. 333 Joseph, LLC*, 2014-Ohio-5090, 21 N.E.3d 1142. However, we reject Appellees' arguments. The *333 Joseph* court did not disavow our prior holding in *Ashworth*. Rather, it noted that on the issue of the applicable burden of proof in statutory injunction cases, there was no consensus among Ohio courts. *333 Joseph* at ¶17 ("A further review of Ohio cases does not show consensus among Ohio courts."); citing *Ashworth* at ¶64 and *State v. Dann*, 2nd Dist. Montgomery No. 22162, 2007-Ohio-7165. Further, we find no distinguishing factors between the present facts and those of *Ashworth*, nor do we see a compelling reason to depart from our prior precedent on this issue. The holding in *333 Joseph* is not binding authority upon this Court. Our prior holding and precedent set forth in *Ashworth*, however, is. Thus, we reject Appellees' arguments.

{¶29} We also reject Appellees' argument that the trial court's decision was not based upon the standard of review and burden of proof it

expressly set forth in its decision.  In its decision, the trial court set forth the requirements that must be met in order to obtain a permanent injunction (i.e. 1) right to relief under an applicable substantive law; 2) proof by clear and convincing evidence that a) an injunction is necessary to prevent irreparable harm; and b) the plaintiff does not have an adequate remedy at law.) However, it did not go on to note that the present case involved a request for a statutory injunction, which necessitates a different type of review. Importantly, as set forth above, Appellant was not required to prove, by clear and convincing evidence, that the injunction was necessary to prevent irreparable harm, or that it did not have an adequate remedy at law.  Rather, Appellant only had to demonstrate that it was entitled to an injunction pursuant to R.C. 713.13 and Article 60.06 of its zoning ordinance, based upon a zoning violation, which it had to prove by a preponderance of the evidence.  These are two very different sets of requirements.

{¶30} Thus, we cannot agree with Appellees' argument that the recitation of this incorrect standard of review, as well as burden of proof, did not affect the trial court's ultimate denial of Appellant's request for a permanent injunction based upon a statutory violation.  If fact, we believe the framework within which the trial court reviewed this matter directly affected its decision.  As a result, Appellant's first assignment of error is

sustained. Accordingly, and as set forth above, the judgment of the trial

court is reversed and this matter is remanded to the trial court for further

proceedings consistent with this opinion, to apply the correct standard of

review, based upon the correct burden of proof.

**JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION**.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellees shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J.: Concur in Judgment and Opinion; Abele, J: Dissents.

For the Court,

BY:  _____
Jason P. Smith, Presiding Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**